Meredith L. Williams (State Bar No. 292888)
mwilliams@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff
MARYAM PARMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYAM PARMAN, an individual, | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **(1) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER THE LANHAM ACT [15 U.S.C. § 1125(a)]** |
| MANNY IBAY, an individual, and DOES 1 through 10, inclusive, | |
| Defendants. | **(2) COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT** |
| | **JURY TRIAL DEMANDED** |

Plaintiff Maryam Parman ("Plaintiff" or "Ms. Parman"), by and through her undersigned counsel, hereby alleges against defendant Manny Ibay ("Defendant" or "Mr. Ibay"), and DOES 1-10 (with Manny Ibay, "Defendants") as follows:

## NATURE OF THE CASE

1. Plaintiff seeks injunctive and monetary relief in this action for federal false designation of origin and unfair competition, as well as common law unfair competition and trademark infringement, based on Defendants' infringement of Plaintiff's common law trademark SUPER WOMAN SUPER LAWYER™ (the "SUPER LAWYER™ Mark").

Rutan & Tucker, LLP
attorneys at law

2835/033601-0027
23183333.4 a01/23/26

-1-

COMPLAINT FOR FALSE DESIGNATION
OF ORIGIN AND UNFAIR COMPETITION

2.  Plaintiff is a well-known personal injury attorney who has practiced in Southern California for over 25 years. Through her practice, Ms. Parman and her team have helped tens of thousands clients recover compensation and developed a popular and positive brand identity in connection with that highly successful practice. In particular, Ms. Parman has extensively used the SUPER LAWYER™ Mark in advertising her own and her team's legal services, including online and through prominent public billboards throughout Southern California.

3.  Defendant, Mr. Ibay, also began practicing more than 25 years ago, but recently decided to change the marketing for his own personal injury practice from "Ibay Law" (as, on information and belief, it had been known since at least 2009) to piggyback off of Plaintiff's success. Specifically, Defendant decided to trade off of the goodwill Plaintiff has established in the SUPER LAWYER™ Mark by advertising his legal services with a confusingly similar "SUPERHERO LAWYER" Mark (the "Infringing Mark"), including on at least one billboard in Los Angeles, California that advertises "SUPERHERO-LAWYER.COM". That billboard and website appear designed to capitalize on Plaintiff's success, using the Infringing Mark with superhero indicia (owned by third parties such as DC Comics, not Mr. Ibay)—including the images of two "super" women—in the exact same channels in which Ms. Parman developed her image as the one and only SUPER WOMAN SUPER LAWYER™.

4.  Defendants' use of the Infringing Mark to advertise competing legal services violates Ms. Parman's common law trademark rights and creates a likelihood that consumers will be confused into thinking that she endorses or provides Defendants' legal services when she does not. Defendants have thus violated, and continue to violate, the Trademark Act of 1946 as amended, 15 U.S.C. section 1125 *et seq.* (the "Lanham Act"), and California state law through their unauthorized use of the Infringing Marks.

5.  Ms. Parman therefore brings this action to protect her valuable rights of publicity and to prevent consumer confusion based on Defendants' infringement.

Rutan & Tucker, LLP
attorneys at law

2835/033601-0027
23183333.4 a01/23/26

-2-

COMPLAINT FOR FALSE DESIGNATION
OF ORIGIN AND UNFAIR COMPETITION

## PARTIES

6. Ms. Parman is an individual with a business address of at 2350 SE Bristol St, Newport Beach, California 92660

7. On information and belief, Defendant Manny Ibay is an individual residing at 3115 Cavendish Drive, Los Angeles, California 90064 with a business address of 10520 Venice Boulevard, Culver City, California 90232.

8. On information and belief, Plaintiff alleges that each of the Defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to Plaintiff for the damages and relief sought herein.

9. On information and belief, Plaintiff alleges that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

10. The identities of the individuals and entities named as Doe Defendants herein are not presently known, but Plaintiff will seek to amend the Complaint to properly identify them when their proper names have been ascertained.

## JURISDICTION AND VENUE

11. This action arises, in part, under the Lanham Act, 15 U.S.C. section 1125 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338, and 15 U.S.C. section 1121 because Plaintiff's claims arise, in part, under the Lanham Act.

12. This Court has supplemental jurisdiction pursuant to 28 U.S.C. sections 1338(b) and 1367 over Plaintiff's claims arising under the laws of the State of California.

13. This Court has personal jurisdiction over Defendant Manny Ibay based upon his residence located in the state of California.

Rutan & Tucker, LLP
attorneys at law

2835/033601-0027
23183333.4 a01/23/26

-3-

COMPLAINT FOR FALSE DESIGNATION
OF ORIGIN AND UNFAIR COMPETITION

14. Venue is proper in the Central District of California under 28 U.S.C. section 1391(b) because a substantial part of the events, omissions and acts that are the subject matter of this action occurred within this Judicial District, because Plaintiff has suffered injury in this District, and because Defendants have directed their infringing activities to residents of this District.

15. On information and belief, Plaintiff alleges that each of the Defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to Plaintiff for the damages and relief sought herein.

16. On information and belief, Plaintiff alleges that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

17. The identities of the individuals and entities named as Doe Defendants herein are not presently known, but Plaintiff will seek to amend the Complaint to properly identify them when their proper names have been ascertained.

18. On information and belief, in participating in and/or performing the acts and omissions alleged in the Complaint, Defendants were acting as the agents, partners, servants, employees, alter egos, or successors or predecessors in interest of other of the Defendants, and were acting within the course and scope of such relationship, with the knowledge, express or implied, of each such other defendants, at all times relevant to this Complaint.

**PLAINTIFF'S DISTINCTIVE PUBLIC PERSONA**

19. For over twenty-five years, Maryam Parman has worked to create a well-regarded and highly successful personal injury law practice in Southern California.

20. Ms. Parman launched her career in 1998 and focused her practice on assisting injured people. Her practice continues to focus on injury and/or wrongful

Rutan & Tucker, LLP
attorneys at law

2835/033601-0027
23183333.4 a01/23/26

-4-

COMPLAINT FOR FALSE DESIGNATION
OF ORIGIN AND UNFAIR COMPETITION

1  death cases resulting from automobile accidents, premises liability, products liability,
2  elder abuse, police brutality, animal attacks, and construction-site accidents.

3      21.  Through her practice, Ms. Parman and her team have helped tens of
4  thousands of clients recover compensation, and her team with over 50 years of
5  combined experience now serves clients in Arizona, California, Nevada, Oregon,
6  Texas, Utah, and Washington.

7      22.  Ms. Parman has been using the common law trademark SUPER
8  WOMAN SUPER LAWYER™ (the "SUPER LAWYER™" Mark) in connection
9  with her well-regarded and highly successful legal practice since January 2018, and
10 has since then widely and continuously used this trademark in promoting and
11 providing her legal services, *e.g.* including on or in (1) her websites
12 https://www.maryamparman.com and www.superwomansuperlawyer.com, (2)
13 billboards placed prominently on major highways and other busy throughfares
14 throughout Southern California, (3) radio and Pandora advertisements, (4) social
15 media (including Facebook, Instagram, and YouTube), (5) select promotional events,
16 (6) Google advertisements, (7) print advertisements, and (8) television
17 advertisements.

18     23.  Examples of Ms. Parman's use of the SUPER LAWYER™ Mark are
19 included here, including two past billboards as well as a current screenshot of the
20 www.superwomansuperlawyer.com website:



Rutan & Tucker, LLP
attorneys at law

2835/033601-0027
23183333.4 a01/23/26

-5-

COMPLAINT FOR FALSE DESIGNATION
OF ORIGIN AND UNFAIR COMPETITION



24.  Thus, before the acts complained of in this Complaint, members of the general consumer population recognized Maryam Parman's SUPER LAWYER™ Mark as an exclusive source identifier for services originating from, sponsored or approved by Ms. Parman.

25.  Ms. Parman has the exclusive right to use her SUPER LAWYER™ Mark in interstate commerce, and her use has been exclusive since January 2018, with the exception of unauthorized uses such as by Defendants as described in this Complaint.

26.  Ms. Parman has widely advertised, promoted and marketed her legal services using the SUPER LAWYER™ Mark in numerous and diverse advertising media to promote the strength and renown of that Mark.  Ms. Parman has achieved a

Rutan & Tucker, LLP
attorneys at law

2835/033601-0027
23183333.4 a01/23/26

-6-

COMPLAINT FOR FALSE DESIGNATION
OF ORIGIN AND UNFAIR COMPETITION

high level of commercial success in selling services in connection with the SUPER LAWYER™ Mark, and has built a valuable reputation and substantial goodwill, with which her SUPER LAWYER™ Mark has become synonymous.

27. As such, Ms. Parman has established longstanding common law rights in the SUPER LAWYER™ Mark, especially throughout Southern California.

## **DEFENDANTS' INFRINGEMENT**

28. Ms. Parman recently became aware that Mr. Ibay is advertising his own legal services with at least one billboard (the "Infringing Billboard") that uses a confusingly similar "SUPERHERO LAWYER" Mark (the "Infringing Mark").

29. The Infringing Billboard uses the Infringing Mark in all upper-case lettering, making it as confusingly similar in commercial impression as possible to Ms. Parman's use of the SUPER LAWYER Mark, *e.g.* as shown above.

30. The Infringing Billboard depicts Mr. Ibay flying between two woman "Super Lawyers" above the Infringing Mark, referring customers to SUPERHERO-LAWYER.COM.

31. A true and correct copy of a recent photograph of the Infringing Billboard in Los Angeles, California (with brightness/contrast increased for clarity) in included below:



32. Mr. Ibay's use of the exact same marketing channel as Ms. Parman, billboards in Southern California, significantly increases the likelihood of consumer confusion, especially given that billboards are directed to distracted highway drivers who are suspectable to initial interest confusion and not likely to exercise a high degree of care.

33. Additionally, when a consumer visits the website advertised on the Infringing Billboard, Superhero-lawyer-com (the "Infringing Website"), that website makes further extensive use of the Infringing Mark. Mr. Ibay's use of the Infringing Mark on his firm website notably includes further use in connection with the two women from the billboard (dressed up as what consumers would readily assume are Super Women/Super Lawyers), along with Mr. Ibay as a "Superhero Lawyer":



Rutan & Tucker, LLP
attorneys at law

2835/033601-0027
23183333.4 a01/23/26

-8-

COMPLAINT FOR FALSE DESIGNATION
OF ORIGIN AND UNFAIR COMPETITION

34. On information and belief, Mr. Ibay has been practicing law since being admitted to the State Bar of California in 1997 but has only recently decided to rebrand his practice to use the Infringing Mark.

35. Specifically, Mr. Ibay registered and has apparently continued to use another website, https://www.ibaylaw.com/, since at least as early as 2009.

36. Despite already having a website for his practice that reflects his own name, Mr. Ibay created the Infringing Website in late 2024/early 2025 (with a creation date of November 7, 2024 per Domain Name System records), and apparently put up the Infringing Billboard at some point in late 2025.

37. Moreover, Plaintiff sent a cease and desist letter to Mr. Ibay on or about November 25, 2025, demanding that he cease use of the Infringing Mark. Mr. Ibay responded on or about December 2, 2025 by refusing to comply with Ms. Parman's requests to cease infringement of the SUPER LAWYER™ Mark.

38. Defendants' failure and refusal to comply with Plaintiff's cease and desist demand is not reasonable or based in fact. Among other things, Mr. Ibay's December 2, 2025 response incorrectly alleged that there is a "crowded field" of attorneys using "superhero-themed branding" for personal injury practices, pointing to a single purported third-party example that, in fact, uses no superhero imagery.

39. On information and belief, Mr. Ibay's recent rebranding is targeted to take advantage of Ms. Parman's longstanding use of and significant goodwill built up in the SUPER LAWYER™ Mark, which has extensive commercial strength and recognition in Southern California's legal market in particular.

## FIRST CLAIM FOR RELIEF

**False Designation of Origin and Unfair Competition Under the Lanham Act**

**[15 U.S.C. § 1125(a)]**

40. Ms. Parman repeats and incorporates by this reference each and every allegation contained in paragraphs 1 through 39 above, inclusive, as though set forth in full.

Rutan & Tucker, LLP
attorneys at law

2835/033601-0027
23183333.4 a01/23/26

-9-

COMPLAINT FOR FALSE DESIGNATION
OF ORIGIN AND UNFAIR COMPETITION

41. Defendants' acts as alleged herein also constitute false designation of origin and unfair competition in violation of Lanham Act section 43(a), 15 U.S.C. section 1125(a).

42. Defendants' aforesaid advertising, offering for sale, and sale of legal services in connection with the Infringing Mark, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services, in that purchasers are likely to believe that Plaintiff authorizes or controls the advertising, offering, or sale of Defendants' services described above, or that Defendants are associated with or authorized by Plaintiff with regard to those services.

43. Defendants' use in commerce of the Infringing Mark or marks confusingly similar to the SUPER LAWYER™ Mark in connection with Defendants' services constitutes a false designation of the origin and/or sponsorship of such services, and falsely describes and represents such services.

44. Defendants' conduct constitutes unfair competition that has violated, and unless restrained and enjoined by this Court will continue to violate, Parman's trademark rights, and has caused irreparable harm, damage, and injury to Parman's goodwill and business reputation.

45. Parman has been and continues to be irreparably injured as a result of Defendants' infringement and wrongful acts, and has no adequate remedy at law. Parman is therefore entitled to a permanent injunction against further infringing and unlawful conduct by Defendants.

46. Defendants have profited and are profiting by such infringement and Parman has been and is being damaged by such infringement. Parman is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing and unlawful activities.

47. In light of the willful nature of Defendants' conduct, this is an "exceptional" case under the Lanham Act, which entitles Plaintiff to recover

Rutan & Tucker, LLP
attorneys at law

2835/033601-0027
23183333.4 a01/23/26

-10-

COMPLAINT FOR FALSE DESIGNATION
OF ORIGIN AND UNFAIR COMPETITION

enhanced (i.e. treble) damages and attorneys' fees and costs under 15 U.S.C. § 1117. Alternatively, in lieu of recovering three times Plaintiff's damages according to proof at trial, pursuant to 15 U.S.C. § 1117(c), Plaintiff should be awarded statutory damages of at least $200,000 for each counterfeit mark used in connection with each type of goods or services offered or sold by Defendants, which award should be increased to $2,000,000 for each such use given the misconduct was willful.

## SECOND CLAIM FOR RELIEF

**Common Law Unfair Competition and Trademark Infringement**

48. Ms. Parman repeats and incorporates by this reference each and every allegation contained in paragraphs 1 through 47 above, inclusive, as though set forth in full.

49. Defendants' actions and conduct as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendants with Parman, and as to origin of Defendants' services, and Parman's apparent sponsorship or approval of Defendants' services.

50. Defendants' unauthorized actions and conduct as alleged herein constitute unfair competition under California common law.

51. Defendants' unauthorized actions and conduct constitutes direct infringements of Parman's federal trademarks in violation of California common law.

52. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Parman, including but not limited to injury to Parman's goodwill and business reputation.

53. Parman has suffered, is suffering, and will continue to suffer irreparable injury for which Parman has no adequate remedy at law. Parman is therefore entitled to a permanent injunction against further infringing conduct by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order and judgment against Defendants, and each of them, as follows:

Rutan & Tucker, LLP
attorneys at law

2835/033601-0027
23183333.4 a01/23/26

-11-

COMPLAINT FOR FALSE DESIGNATION
OF ORIGIN AND UNFAIR COMPETITION

1. For Defendants' trademark infringement, unfair competition, and false designation of origin, a determination and preliminary and/or permanent injunction by the Court that each of Defendants, as well as each of their representatives, agents, servants, officers, directors, employees, attorneys, successors and assigns, and all other persons or entities acting under or in concert or participating with them (collectively, the "Enjoined Persons"):

    a. Is enjoined forthwith from using, selling, offering for sale, distributing and/or advertising in commerce reproductions, copies and/or colorable imitations of Plaintiff's SUPER LAWYER™ Mark (including but not limited to the Infringing Mark) in connection with the use, sale, offering for sale, distribution and/or advertising of any goods or services, including but not limited to legal services;

    b. Is enjoined from using or causing the use of any word, term, name, symbol, device or combination thereof that causes or is likely to cause any confusion, mistake or deception as to Plaintiff's SUPER LAWYER™ Mark and/or Defendants' being sponsored or approved by, or otherwise connected or affiliated with Plaintiff;

    c. Is enjoined from using or causing the use of any word, term, name, symbol, device or combination thereof that causes or is likely to cause any confusion, mistake or deception as to the affiliation, origin or association of any of Defendants or any of Defendants' goods or services with Plaintiff, or using any false designation of origin or false or misleading description or representation of fact, or making any false or misleading statement, with respect to Plaintiff/Maryam Parman, Plaintiff's SUPER LAWYER™ Mark, and/or Plaintiff's legal services.

    d. Is enjoined from infringing the rights of Plaintiff in and to any of Plaintiff's SUPER LAWYER™ Mark, or otherwise damaging Plaintiff's goodwill or business reputation, or that relating to any of Plaintiff's Marks, in any manner

    e. Is enjoined from operating, marketing, and/or promoting any legal services in connection with the Infringing Mark, whether by billboard, website, or other promotional materials, and from representing that any services whatsoever

Rutan & Tucker, LLP
attorneys at law

2835/033601-0027
23183333.4 a01/23/26

-12-

COMPLAINT FOR FALSE DESIGNATION
OF ORIGIN AND UNFAIR COMPETITION

provided or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

    f. Is enjoined from otherwise using or infringing Plaintiff's SUPER LAWYER™ Mark in any manner, including but not limited to by referring to any of Defendants' lawyers or employees as "SUPERHERO LAWYER," "Super Lawyer," or with superhero indicia not owned by Defendants; and

    g. Is enjoined from aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f);

  2. For an order requiring Defendants to remove all billboards and other advertising that uses trademarks or slogans that are confusingly similar to Plaintiff's SUPER LAWYER™ Mark, including all websites, social media platforms, print media and any other form of advertising;

  3. For an order requiring Defendants to cease all use of the Infringing Website (SUPERHERO-LAWYER.COM), and to transfer that domain name to Plaintiff within thirty (30) days of such order;

  4. For an order requiring Defendants to file with the Clerk of this Court and serve Plaintiff, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with 1 through 3 above;

  5. That Defendants be permanently enjoined and restrained from, directly or indirectly using the Infringing Mark or any other mark that is confusingly similar to the SUPER LAWYER™ Mark, including any advertising that infringes Ms. Parman's trademarks or other intellectual property;

  6. For an award of Plaintiff's actual damages and Defendants' profits in sums to be determined according to proof;

  7. For the trebling of such actual damages and profits;

  9. For punitive and exemplary damages in a sum to be determined at trial on claims under California law;

Rutan & Tucker, LLP
attorneys at law

2835/033601-0027
23183333.4 a01/23/26

-13-

COMPLAINT FOR FALSE DESIGNATION
OF ORIGIN AND UNFAIR COMPETITION

| | | |
|---|---|---|
| 1 | 10. | A finding that this is an "exceptional case" under 15 U.S.C. §1117(a); |
| 2 | 11. | For Plaintiff's attorneys' fees incurred herein; |
| 3 | 12. | For Plaintiff's costs of suit incurred herein; |
| 4 | 13. | For an award of pre-judgment interest at the highest rate allowed by law; |
| 5 | and | |
| 6 | 14. | For such further relief as this Court shall deem just and proper. |

Dated: January 23, 2026         RUTAN & TUCKER, LLP

By:  */s/ Meredith L. Williams*
       Meredith L. Williams

*Attorneys for Plaintiff*
MARYAM PARMAN

Rutan & Tucker, LLP
attorneys at law

2835/033601-0027
23183333.4 a01/23/26

-14-

COMPLAINT FOR FALSE DESIGNATION
OF ORIGIN AND UNFAIR COMPETITION

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action on all issues that may be tried to a jury.

Dated:  January 23, 2026          RUTAN & TUCKER, LLP

By: */s/ Meredith L. Williams*
    Meredith L. Williams

*Attorneys for Plaintiff*
MARYAM PARMAN

Rutan & Tucker, LLP
attorneys at law

2835/033601-0027
23183333.4 a01/23/26

-15-

COMPLAINT FOR FALSE DESIGNATION
OF ORIGIN AND UNFAIR COMPETITION